UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ALFATAH STEWART,                              :

                    Petitioner,   :    05 Civ. 0566 (WHP) (THK)

   -against-   :    <u>MEMORANDUM & ORDER</u>

SUPERINTENDENT GARY GREENE,   :

                    Respondent.   :

------------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Alfatah Stewart ("Stewart") petitions <u>pro se</u> for a writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254. On April 12, 2000, Stewart was convicted of second degree murder after a jury trial in the New York State Supreme Court (New York County) and was sentenced to twenty-five years to life imprisonment. In a Report and Recommendation dated August 10, 2009 (the "Report"), Magistrate Judge Theodore H. Katz recommended that this Court deny Stewart's petition. On August 17, 2009, Stewart filed objections to the Report. For the following reasons, this Court concludes that Stewart's objections are without merit and adopts Magistrate Judge Katz's thorough and well-reasoned Report in full.

        The underlying facts and procedural history of the state court criminal and post-conviction proceedings are set forth in detail in the Report and will not be repeated here. Stewart raised seven arguments to support his Petition: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) denial of his right to testify and present evidence before the grand jury; (4) denial of his Confrontation Clause rights; (5) insufficiency of the

1

evidence at trial; (6) a violation of Brady v. Maryland, 373 U.S. 83 (1963); and (7) failure to suppress an in court identification.

Stewart objects to three findings in the Report: (1) that his Confrontation Clause claim was unpreserved and meritless; (2) that his claims for ineffective assistance of appellate counsel for failing to raise the ineffectiveness of trial counsel were unpreserved and meritless; and (3) that the in-court identification of Stewart by a witness was harmless.

## DISCUSSION

I.  Standard of Review

This Court reviews the findings and recommendations of a magistrate judge and "may accept, reject, or modify [them], in whole or in part." 28 U.S.C. § 636(b)(1). This Court reviews de novo those parts of the Report to which objections are made, and reviews the remainder for clear error on the face of the record. 28 U.S.C. § 636(b)(1); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). "[A] district court evaluating a magistrate judge's recommendation is permitted to adopt those portions of the recommendation to which no 'specific, written objection' is made, as long as those sections are not clearly erroneous." Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (quoting Fed. R. Civ. P. 72(b)) (emphasis added). If a petitioner "makes only conclusory or general objections, or simply reiterates his original arguments" the clearly erroneous standard applies—although pro se litigants are generally given more leniency. Walker v. Vaughan, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)

Where a state court has adjudicated the merits of a claim raised in a federal habeas

corpus petition, a writ may issue only if the state court's adjudication resulted in a decision that (1) "was contrary to . . . or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 364 (2000) (explaining the standard of review under the Anti-terrorism and Effective Death Penalty Act (the"AEDPA")); Francis v. Stone, 221 F.3d 100, 107-08 (2d Cir. 2000).

II.     Confrontation Clause

Stewart challenged his conviction based upon a Confrontation Clause violation because he was not permitted to impeach his own witness. However, the Magistrate Judge correctly concluded that Stewart's claim is barred from review. (Report at 28.) "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Acosta v. Artuz, 575 F.3d 177, 184 (2d Cir. 2009) ("[n]or will we consider claims that have not been exhausted by fair presentation to the state courts.")

In his first state appeal, Stewart attempted to raise the Confrontation Clause issue. The Appellate Division found "[the] claim that the impeachment [of the witness] should nevertheless have been permitted as a matter of constitutional law is unpreserved." People v.

Stewart, 745 N.Y.S.2d 151, 152 (1st Dept. 2002) (emphasis added). Under New York law, "a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same." N.Y. CRIM. PROC. LAW § 470.05(2) (2009). Indeed, the "contemporaneous objection requirement is a firmly established independent and adequate state procedural bar." Gomez v. Brown, No. 07-Civ. 9464 (HB) (THK), 2009 WL 2575916, at *6 (S.D.N.Y. Aug. 20, 2009) (citing Garcia v. Lewis, 188 F.3d 71, 79 (2nd Cir. 1999) ("[W]e have observed and deferred to New York's consistent application of its contemporaneous objection rules.")). Stewart never raised any Confrontation Clause objection when the trial judge refused to allow him to impeach his own witness based upon New York State law. (Trial Transcript at 1992-1997.) The failure to raise a contemporaneous objection is an independent and adequate state ground for denying this claim.

As for a showing of cause for failing to raise the objection earlier, "[i]n procedural default cases, the cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray v. Carrier, 477 U.S., 478, 488 (1986)). Once cause is shown, prejudice must be proven by showing that "there is a 'reasonable probability' that the result of the trial would have been different" despite the Constitutional violation. Strickler v. Greene, 527 U.S. 263, 289 (1999). A defaulted claim may also be heard in order to avoid a fundamental miscarriage of justice—where a conviction is based upon a constitutional violation of one who is actually innocent. Murray, 477 U.S. at 496; but see Doe v. Menefee, 391

4

F.3d 147, 161 (2d Cir. 2004) ("credible claims of actual innocence are extremely rare").

Stewart offers no reason for failing to make a timely objection in the trial court. Moreover, Stewart has not shown a miscarriage of justice because no new evidence was proffered to demonstrate Stewart's innocence. Thus, this Court denies Stewart's Confrontation Clause claim.

### III. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for the deficiency in representation, the result of the proceeding would have been different—i.e., that he was prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). "[T]he prejudice component of the Strickland test . . . focuses on whether counsel's deficient performance renders the result of the [proceeding] unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993). There is a strong presumption that counsel exercises reasonable judgment in all significant decisions. Strickland, 466 U.S. at 690. This deference is particularly warranted when considering matters of trial strategy—an area that reviewing courts are "ill-suited to second-guess." United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998). Self-serving, conclusory allegations are insufficient to establish ineffective assistance of counsel. United States v. Torres, 129 F.3d 710, 715-17 (2d Cir. 1997).

"Although the Strickland test was formulated in the context of evaluating a claim of ineffective assistance of trial counsel, the same test is used with respect to appellate

counsel." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). An ineffective assistance of appellate counsel claim will not succeed based solely on the failure to raise a nonfrivolous argument—but rather where appellate counsel "omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo, 13 F.3d at 533; see also Clark v. Stinson, 214 F.3d 315, 322 (2d Cir. 2000). "For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the very goal of vigorous and effective advocacy." Jones v. Barnes, 463 U.S. 745, 754 (1983).

Stewart objects to the Magistrate Judge's finding that his claim of ineffective assistance of appellate counsel was unpreserved and without merit. However, the Report is clear that the claim of ineffective assistance of appellate counsel was preserved. (Report at 62.) In order for Stewart's claim of ineffective assistance of appellate counsel to succeed, he must show that the underlying claims of ineffective assistance of trial counsel would have been successful. Magistrate Judge Katz disposed of the underlying ineffectiveness of trial counsel claims based on the merits, while mentioning that some were also unexhausted. (Report at 51-61.) Stewart does not challenge the findings of the Report that the ineffective assistance of trial counsel claims were without merit. Since Stewart's ineffective assistance of trial counsel claims are without merit, there can be no dispute that appellate counsel acted reasonably in choosing not to raise those claims on appeal. See Jones, 463 U.S. 754. Accordingly, Stewart's claims of ineffective assistance of appellate counsel are also without merit and denied.

IV. In-Court Identification of Stewart

To succeed on a claim of prejudicial in-court identification, Stewart must show actual harm caused by the in-court identification. See Manson v. Brathwaite, 432 U.S. 98, 116 (1977) (noting that there must be a "very substantial likelihood of irreparable misidentification") (emphasis added). However, even if a state court does not take any action to protect against the potential due process violation, the claim still fails if the error was harmless. Kennaugh v. Miller, 289 F.3d 36, 48 (2d Cir. 2002).

"An error is not harmless if it had a 'substantial and injurious effect or influence in determining the jury's verdict.' " Abdur Raheem v. Kelly, 257 F.3d 122, 142 (2d Cir. 2001) (quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)). The factors to be considered are the importance of the testimony and the strength of the prosecution's case. Abdur Raheem, 257 F.3d at 142. "In assessing importance, we consider . . . 'whether the testimony bore on an issue that is plainly critical to the jury's decision, . . . whether that testimony was material to the establishment of the critical fact or whether it was instead corroborated and cumulative, . . . and whether the wrongly admitted evidence was emphasized in arguments to the jury.'" Abdur Raheem, 257 F.3d at 142 (quoting Wray v. Johnson, 202 F.3d 515, 526 (2nd Cir. 2000)).

Stewart argues that the in-court identification "had substantial and injurious effect as his identification added more validity to the state's case." (Obj. at 3.) Any witness identifying a defendant as the perpetrator of a crime would naturally add more validity to a prosecutor's case. However, this testimony was not the only evidence identifying Stewart as the perpetrator. Several witnesses testified they saw Stewart flee the building. Moreover, some witnesses testified to knowing Stewart and that he agreed to accept money to take care of the

"business." Therefore, the challenged testimony merely corroborated other testimony.

Finally, defense counsel secured a stipulation the testifying witness told police prior to trial that he had not been able to see the face of the fleeing shooter. Stewart's trial counsel also cross-examined the witness. Taking all of these factors into account, this Court finds that the testimony was harmless, irrespective of whether it was properly admitted. Accordingly, Stewart's in court identification claims are without merit.

This Court has reviewed the remainder of the Report and determined it is not facially erroneous and affirms and adopts it.

## CONCLUSION

For the foregoing reasons, the Report is adopted in its entirety and the Petition is denied. In addition, because Stewart has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not be issued. See 28 U.S.C. § 2253(c). In addition, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions and mark this case as closed.

Dated: November 19, 2009
       New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

8

*Copies Mailed to*:

Mr. Alfatah Stewart
(00-A-2144)
Greenhaven Correctional Facility
PO Box 4000
Stormville, NY 12582
*Petitioner <u>Pro</u> <u>Se</u>*

Robert M. Morgenthau
District Attorney, New York County
One Hogan Place
New York, NY 10013
*Counsel for Respondent*

Hon. Theodore H. Katz